All right. Well, before we get started, I have to make a disclosure. When I saw Mr. Gesselbrock walk in, it occurred to me that I had missed that. And so I discussed it with the rest of the members of the panel, and I just want to make the following disclosure. Mr. Gesselbrock is a partner, I believe, at DLA Piper, and DLA Piper is a firm that has and does represent my wife and my father-in-law in business litigation. And also, DLA Piper is a firm that does estate planning for my entire family. So, that being said, Mr. Gesselbrock and DLA Piper have appeared before me many times in the past, and I've made these disclosures, and we have continued on and handled the cases. So, I think the best course of action here is for me to have made that disclosure, and then what we are going to do is we're going to leave the bench for a little while and have the parties consult with their clients and with each other. And if there is quite a bit of preparation, if any party asks me to recuse myself, I'll step out. So, we'll take a short recess, and perhaps you'll let the marshal know when you're ready to have us come back in. All right. Anything you folks want to say? No? All right, then. Call the case. Case number 14-0570, Michael Scott v. City of Chicago. Adam Kingsley on behalf of the plaintiffs, your honors. I would like to save five minutes for rebuttal. Very well. And my intention is to address the arguments set forth in the court's opinion and in the intervener's brief at this point in time and address the city's arguments on rebuttal. To resolve this case, the court needs... Before you start, I have a question for you. Sure. This case was dismissed with prejudice, correct? That's correct. And do you believe you could still refile a new case? I don't believe that we could refile a new case, your honor, because of the 90-day statute of limitations. So I believe that this case should be remanded in that we... If you believe that the notice was insufficient, we should be able to give additional notice within this case. That's certainly our position. But I don't believe it would be proper to file a new case. So you're not contesting the question whether it was with prejudice or without prejudice? I think the court made itself clear. I disagree with the court's with prejudice dismissal, but I don't doubt that's what the court intended to do. Could you just clarify? There is a 90-day statute within which a party challenging the zoning has to file a declaratory. That's correct. All right. Now, you just, I think, said you'd like to be able to go back down and... I shouldn't say down. Go to the trial court and re-notify? What I said... You're saying the notice was sufficient. Isn't that the argument? I have two arguments. All right. One is that the notice is sufficient. Yes. And the backup argument is that if the notice is not sufficient, that we'd be able to give notice to those nine parties who did not receive notice. And I cite the Hanna case for that proposition. And in that case, there was absolutely no notice that was given. Please just direct me, where in your brief did you make this argument? That's in the reply brief, Your Honor. You can't do that for the first time in the reply brief. But where in the reply brief do you say that? Well, we cite the Hanna case, Your Honor, and we say... Was that reversed on other grounds? I happen to be particularly... It was reversed by Napleton on other grounds. Yes, on other grounds. And I wrote that decision. Did I? Or was that somebody else's? I know, but... There were a number of Hanna cases that I was briefed on. You wrote that decision, Your Honor. All right. That's what I thought. And that argument that it was reversed on other grounds, that's correct. But in that case, the plaintiff gave no notice under 1113-8. The case was remanded, and the court directed the plaintiff to give notice under 1113-8 after remand. Now, clearly that was not pre-filing notice. The statute says pre-filing notice. In that case, the court allowed the plaintiff to give notice to all the necessary property owners, obviously after the filing of the case. So the Hanna case sets a precedent for the court allowing what I'll call supplemental notice to be made. Okay. And where did you say this in the reply? That we should allow you to go back and... On pages 3 and 4, Your Honor. 3 and 4. The argument starts on the top of page 3. All right. Well, since we're here on this particular issue, how do you get around 341, you know, that you're not allowed to raise an issue for the first time in a reply brief? They don't get a chance to respond. That's one of the reasons for it. Well, I think we asked the trial court, or we suggested that the trial court, if it felt that our notice was improper, that they give us a chance to provide additional notice. So I think that issue was raised. And I also think it's a proper reply argument, because our main argument is that substantial notice is sufficient and that we did, in fact, provide substantial notice. That was our main argument. The argument that we raised in the reply is really a reply argument, and I think it was proper to be placed in the reply brief, because it's really a reply to their argument that there was not substantial notice. Well, I think that it more appropriately belongs in an opening brief. You did raise it with the trial court. And I'm not saying that, you know, you should be foreclosed in any event, but I do think that the rules provide that all issues should be raised in the opening brief and that you can't raise new arguments for the first time in a reply brief. So putting that aside, you should probably begin with your first argument, that you complied with the statutory notice. The first argument is that substantial compliance with Section 1113-8 of the Municipal Code is proper, and second, that we, in fact, did substantially comply with 1113-8 of the Municipal Code when we sent pre-filing notice to more than 125 property owners. As pointed out in the intervener's brief, we missed nine property owners. That's how many we missed. One other question. Was a stay ever entered in this case? A stay? Any kind of stay of the trial court's order. No. So has everything, I mean, have things gone forward, or is everything in a holding pattern? In terms of the physical development of the site? Yes. No, the owner has not gone ahead and done any construction with respect to the site. But there is no stay, so the owner could, I think, do it at their own risk of a reversal and then having to deal with those consequences. But I can't speak for the owner in terms of why they've chosen not to go ahead. Well, I think that in response to that comment, that if there were to be, if the owner were precluded from doing anything, that there would have been some kind of bond. Of course. I was just curious. I just wanted to know. They're not. The owner is not precluded from beginning construction. All right. Okay. With respect to whether substantial compliance rather than strict compliance is the proper standard, we cite the test articulated in Beale. And that test is a two-pronged test. Wasn't that a lien case? What was that? That was a case where the question was whether or not a home improvement contractor was in substantial compliance. Right, right. And there's also the Therenbacher case, which has to deal with the dismissal of a, of a municipal engineer or county engineer. And the question was whether the notice sent to the county engineer was strictly complied. And in both those, would both those cases deal with the concept of substantial compliance as well as the question of whether or not there was actual substantial compliance? Right. But the two cases that actually deal with this statute suggest by their language, do they not, that the notice to be given should be clear to all and it should be enforced without exception? Wasn't that the language in LaSalle, six suites, and then the other decision actually involved with this statute, which is? Feigl. Pardon me? Feigl. Yes, F-I-G-I-E-L. Right. What was the language they used? Well, in those two cases, there was absolutely no notice given whatsoever. True. The plaintiffs took the positions that there was no notice required under 1113-8. So the issue of substantial compliance was never addressed because the only issue, because it was whether or not notice had to be given. The court never reached the issue of substantial compliance. And certainly from a factual matter, we've given a lot more notice and we acknowledge that 1113-8 does, in fact, apply and we attempted to comply with 1113-8. Were about 16% of those that would have otherwise be entitled to notice not given notice in this case? I don't think, it's not 16%. What is it? What's the percent? It's not, they've identified nine property owners. Yes, but what is that in terms of the overall number of property owners or percentage-wise? It's less than 10% because I know that we gave notice, I don't know the exact figure, but we gave notice to at least 125 property owners. So your numbers are slightly different than the ones I've come up with. I don't, yeah, I don't think. All the exempt property owners, none of them. Let me make it clear, there were, the interveners identified, it is correct, 19 PIN numbers. But with respect to those 19 PIN numbers, there's only two actual owners, the Chicago Park District and the Chicago Board of Education. So if notice was sent, we would have not sent 19 notices to the Chicago Park District. Well, do you think you might have had a problem if you tried that too? You mean you weren't going to send the notice to the actual property owners regardless, simply because the entity is the same? I don't. Is that a slippery slope? Well, let me say the idea of the intent of the statute is to give the party notice so that the party can make a determination of whether they want to intervene in the case. I don't know, honestly, whether we would have sent multiple notices to the Chicago Park District. I would say that I don't. You don't think the statute envisions that you should do that? It talks about the property owner. Yes. For what? The property owner for what? For the property in question. All right. So you're not saying that you simply had to notify the city or that's what the statute envisions because you got them on one notice, they're good? I don't know whether we would have sent 10 or 12. Maybe we would have, Your Honor. Or maybe we would have identified all the PIN numbers on one notification letter. Well, that's kind of where the whole thing fell apart here. Wasn't it that you used one PIN number as opposed to three? Yes, Your Honor. Yes, Your Honor. There were, in fact, three PIN numbers. And let me say that with respect to two of the three PIN numbers, we did reach all of the taxpayers, which with respect to the third PIN number, which was furthest to the east, we did miss the seven taxpayers on Dorchester. Yes. So there were some that were not non-exempt. That's correct, Your Honor. All right. That's correct. But I believe that substantial compliance is appropriate. And let me get to the reason why. The test is whether or not the purpose of the statute can still be satisfied. Satisfied. Right. And clearly the statute requires notice. But why does the statute require notice? The statute requires notice to allow people who receive notice to intervene in the case. I mean, and the statute itself says, if I can read from the statute. So how is the statute satisfied, the purpose, if let's just take the people over on Dorchester. Yes. Just that. How did you satisfy the statute as far as they're concerned? Your Honor, the statute is designed to make sure that there's an adversarial proceeding. Well, wait a minute. Now, are you going to cite a case for that or are you just adversarial proceeding? Well, I'll talk to you. Is it that they get notice so that they have the right to intervene because their property may be impacted in a way they either like or dislike? True. That's what the statute requires, but I believe you have to go dig a little bit deeper and look at the purpose of the statute. I think that is the purpose of the statute. I don't know of any cases that are now saying that we should look at whether or not the adversarial process was taking place. If you cite me a case, I'll look at it. I don't have a case. There's no case that discusses what the purpose of the statute is. Okay. I thought the purpose of the statute, I thought it was in another case that said the purpose of the statute is to give the owners notification so that they may intervene as a party, have the rights of any other party in terms of whether or not they would be in favor or opposed to the impact that the developments may have on their ownership rights. Yes, Your Honor, but I believe that there's an underlying purpose to the statute, which is to ensure that there's a true adversarial process with parties who are challenging the zoning ordinance and parties who are in favor of the zoning ordinance. Yes. And so I believe, in other words. Your argument really is that because you've got the true adversaries there that everybody's represented and there's a true adversarial process as to these people on Dorchester. Well, we missed the case. You kind of ruled out the others, the exempt property owners, because they're already covered, right? No. The argument could be made with respect to the Park District and with respect to the Board of Education as well. I'm not dismissing them. And I understand that we missed property owners. And if strict compliance is the standard, then obviously we lose this case. Yes. But I believe that substantial compliance, and substantial compliance literally means you didn't get everybody. Substantial compliance is an acknowledgment that you missed certain property owners. So the question is whether substantial compliance would be sufficient under the statute. And I point to a, it's not this statute, but I point to an analogous case, which is the Andrews versus County of Madison case. Taxation case. It was a taxation case, but the statute was given in advance of a public hearing. And the idea was, as in this case, that people get noticed so they can appear at the public hearing. Yes. And the court in that case found that the county relied upon the wrong methodology for identifying the owners of the property. And up to possibly 1,000 owners were missed. The court didn't identify the exact number of property owners were missed, but it did identify a large number of owners. And yet the court found that substantial compliance was appropriate. In other words, substantial compliance with the statute was an acceptable standard. Didn't they also, though, rely on numerous other ways that the public was notified in that case? And it was an issue that was in the newspapers. It was something that everybody was aware of. And there were those that did appear. I mean, is it really analogous to what occurred here? The things that you just said occurred here, too. This was a big project. It did appear in the newspapers. Other people in this case have, in fact, appeared. The most important person being the owner of the property. I can't think of anybody who would advocate more strongly for the position that the ordinance is valid rather than the owner of the property. Well, I think that's a reasonable statement. And I just want to make one point that goes back to the earlier point I made about the ability to provide supplemental notice. In that case, you had a hearing with a particular deadline. In other words, the hearing was going to take place on a particular day. If somebody didn't attend the hearing, they lost their opportunity to oppose the project. Here, but for the dismissal, there would be an ongoing case. And if supplemental notice was allowed, there would be no prejudice to anybody, because if we provided supplemental notice to those nine parties and there was an ongoing case, they could intervene in the case. In other words, this case is ongoing. There's no reason to cut off the ability. Well, it's certainly under your approach to having a supplemental notice. Correct. Correct. But I think that's a reason why supplemental notice is appropriate, because unlike a hearing where it takes place and then there's nothing more to do, there are additional opportunities for people to intervene. And I do have to say as an empirical matter, and I understand this doesn't address your concerns if strict notice is required, but as an empirical matter. No, I think even if you go past strict, you've essentially agreed that you did not meet strict requirements. Correct. Strict compliance, rather. And you're arguing for this interpretation of substantial compliance, and you're also arguing that you substantially comply. That's correct. I just want to say as an empirical matter, of everybody who was set notice, only one party, which is the owner, intervened. Now, I understand that doesn't tell you with any scientific certainty what those individuals on Dorchester would have done. I understand that. But it does give you a pretty good indication of what the average property owner's reaction to notice of the lawsuit is, which is if they support plaintiffs, well, let plaintiffs carry the ball and have the plaintiffs pursue the lawsuit. If they support the ordinance and believe it shouldn't be invalidated, well, you've got both the city and the owner of the property who are vociferously defending the ordinance. So both sides are fully represented in terms of their being advocates for and against the ordinance. Are your good faith arguments and bona fide effort, are you letting those fall? Yes. Those words, at least good faith is nowhere found in the statute, and a bona fide effort relates to something a little different than the way you've argued it, doesn't it? Your Honor, there's a dispute there. I don't think that's my argument at this point in time. My argument is that substantial compliance should be allowed. And I have to go back to the- And you believe the purpose of the notice was fully complied with here because you're saying that everybody who would have been there was there and that even if they weren't, they're fully represented. I'm saying- Therefore, the notice was substantially complied. I'm saying the interests- The interests. The interests- Fully represented. The interests are fully represented. And I do have- Do any of the cases that you cite, you know, the contract case, do any of them use any kind of language like that? Well, there are different types of- I know. And that's why it's almost strenuous to look to Fehrenbacher and the other case you cited, Beale, to get to whether this statute- Well, I think you can look to Andrews then. I think you can look to Andrews. Andrews is a little different. It's a little bit different. An older case came up with it after the briefs, and I think they'll respond to it, but I was just wondering if any of the cases that you have given us use this kind of language. Every statute is different. So, obviously, those were different types of statutes. I mean, you have to take a look at the purpose of the statute itself to determine whether substantial compliance would be acceptable. And I do have to close by going back to the Hanna case, Your Honor, because in that case, if pre-filing notice was an absolute necessity, the court never would have given the plaintiff the opportunity to provide notice on remand. The court would have said, you didn't provide notice prior to your filing of the complaint. Go away. And clearly that wasn't the court's take on what should happen. It allowed the plaintiff to go back and provide supplemental notice. That part of the case still stands. Yes. And it has not been overruled. Yes. So precedent indicates that plaintiffs are entitled to go back and provide additional notice after the filing of the complaint. And you don't think that would defeat the idea about the 90 days? The 90 days... Was there such a requirement in Hanna? Do you recall? No. Let me make clear. The 90 days is a limitation on the plaintiffs. It's not a limitation on the interveners. So, for example, let's say we sent notice and filed our complaint on the 89th day. Yes. We, as the plaintiffs, would be fine with the statute. Then the interveners get notice. And if they want to come into the case and it's after the 90th day, that 90 days does not apply to interveners. No, but isn't what you're suggesting defeating the whole idea behind the 90 day limitation? No, the 90 day limitation is a limitation on filing. We file within the 90 days. And with the appropriate notice. So by allowing you to re-notice, aren't you defeating the whole idea behind that requirement? No, the 90 day requirement is so that if there's going to be a challenge to this zoning ordinance, the owner and the city will know about it and the plaintiffs will not sit on it and sue. Yes, but in order to get to that issue, you're supposed to notify everybody that has an interest. In terms of being within 250 feet, any owner of any property within that 250 feet of the development. Before you sit down, didn't the trial court find that the way you approached the notification, that you failed in looking at the multiple ways to make certain that the owners were all notified? The trial court said that with respect to the exempt owners, that we should have done more than what we did. That we should have looked at more documents. And we did miss those two exempt owners. I thought you didn't use the recorder's office, you didn't use the, weren't there? There was a question of the use of the recorder's documents, but in terms of how many we missed, there's never been any other evidence in the record than the fact that we missed the seven. That's the only evidence in the record. And going back to your last question, Your Honor, your same argument would have applied in the Hanna case. Which is Mr. Hanna was required to provide pre-filing notice. He didn't provide pre-filing notice, but the court allowed him to go back and provide post-filing notice to everybody entitled to notice. So that same question you had for me could have been applied in that case. It clearly the court felt that allowing post-filing notice was proper. It doesn't have anything to do with the statute of limitations. It has to do with whether or not the notice was pre-filing or post-filing. I have a question. Yes, Your Honor. If we were going to take your theory and provide that the notice that you give only has to be substantial notice, then in every zoning case, when somebody wants to rezone a property, let's say a single family residence for an automobile dealership, and they know that there are certain advocates who are against this, so they don't give them a notice. But they give everybody else a notice. So do you see the problem with substantial notice in a zoning matter? Well, there was obviously no bad faith here, no allegation of bad faith that we intentionally alluded to. Well, I'm not talking about your case, but when we write something, we write it for the world, certainly for the state of Illinois. And by writing a case and saying that you only need substantial notice, do you see the problem that will occur at rezoning throughout the county and the city? I see that not everybody gets notice. But ultimately, the question is, is this a real controversy with real parties who have staked out real positions? Are there people in this case who have a real interest in seeing this zoning ordinance upheld? You bet. I mean, there's nobody, aside from the city, there's nobody with more of an interest in seeing this plan development upheld than the owner of the property. And if you take a look from an empirical perspective, nobody else besides the owner of the property chose to intervene in this case. So I would submit that we have the key parties at issue represented in this case. And if we missed the people on Dorchester, then I would submit that we should be allowed to provide supplemental notice, because if they want, they can intervene as well. Thank you. I should have asked at the outset, are we going to hear from both the interveners and the city? Yes, Your Honor, and I apologize. We have divided our time. I'm going to try to take ten minutes. The City of Chicago has reserved five for their portion, if that's all right with you. Thank you. May it please the Court, Your Honors, my name is Tom Gesselbrock. I represent Lake Park Associates, the owner of the subject property in this case. Let me turn directly, Justice McBride, to the second argument of the plaintiffs, and that is that they should be given a do-over, an opportunity for a make-up, some kind of a supplemental notice. I have several responses. First, you beat me to the punch. Rule 341, this argument is waived for not having been brought up in its principle brief. You can't bring it up in its reply brief. And this is a perfect case to illustrate it, because I'm going to end up giving you some additional responses that you haven't heard of before, because it only came up in the reply brief. Second, it's also waived because there was a failure to move to amend the complaint before the circuit court. Therefore, this Court, because there was not a motion to amend, to convert the dismissal into a dismissal without prejudice and the opportunity to file an amended complaint, there's no opportunity for you to review Judge Pantley's discretion in not allowing an amendment. And that's precisely what happened in the LaSalle National Bank v. City Suites case, in which this Court also held there was a waiver on a similar argument for refusing to file a motion to file an amended complaint in the circuit court. But didn't counsel indicate that he specifically asked the trial judge here to allow the plaintiffs to re-notify? He said that, yes. And I would refer you to the City Suites case, Your Honor, on page 791, in which the Court discusses that and the need to have a written motion and a motion to amend and a proposed amended complaint. You've got to step through the correct procedures in order to maintain your claim, and they didn't do it here. So that's number one. Number two... Are you saying they didn't move or ask the Court to be allowed to re-notify? If you look at the record, Your Honor, the transcripts of proceedings, I would characterize it as an offhanded statement in oral argument. There was no formal motion in that regard whatsoever. All right. Second, let's talk about the possibility of a do-over notice. The problem is that the statute, as counsel agrees, requires that notice be given before suit is filed. So for this Court to say that there's a possibility of that, that directly contradicts the wording of the statute, which gets us to the Hanna case, Your Honor. And I would respectfully disagree with counsel, although I will defer to your judgment in this regard. I don't think the Hanna case ruled on that point. All that Hanna said was, quote, Thus on remand, in the event Hanna wishes to pursue declaratory relief, he should be afforded the opportunity to give appropriate notice to all property owners within 250 feet. The Court didn't rule that a post-filing notice would be proper. And here's why that's important here, Your Honor. You asked the question. In 2002, when the Hanna case came in, the statute of limitations applicable to a zoning case, a classical sales zoning case, was probably five years. In the Hanna case, upon remand, they couldn't file an amended complaint. I'll tell you why in a second. But they could take a voluntary non-suit, file a new notice, and then file a new complaint, still be within the statutory notice. My surmise is that that was the appropriate opportunity that the Court was discussing in Hanna. Here, that is not possible because of the new 90-day statute of limitations. And in this case, an amended complaint could not relate back to the date of the original filing. It would be barred by the 90-day statute of limitations. Under Section 616B of the Code of Civil Procedure, you can only relate back if you had, at the time of the original filing, complied with all conditions precedent. This is a condition precedent. They didn't. They can't refile. And in addition, I would point out that the Feigel case, I've never understood whether it's Feigel or Feigel. In the Feigel case, a case after Hanna and after the 90-day statute, a case which specifically mentioned the Hanna case, there was no possibility or opportunity for a do-over. So I think with all due respect to counsel, I don't think this Court is in a position under the law to grant a do-over if there's a failure of compliance. Aren't both of those cases cases where there was no notice at all? Sure. Absolutely. But with respect to the people who are the focus of the statute, and here I disagree with counsel, and let's move into the substantial compliance argument. Their argument, as I understand it basically, is that the right people got notice, the key parties, as I think he said. Those that are really, really interested? Really, really, really interested. And I would agree that the property owner is really, really interested. I would also believe that the city of Chicago is really interested. But that's for neither me, counsel, or with all due respect, Your Honor, Your Honors, to decide. That's for the legislature to decide what is the proper parameters and focus of the statute. The legislature could have written the statute to say, before filing, give notice to the property owner. It could have said, give notice to all immediate neighbors. No. The legislature chose a specific area, 250 feet within the location of the property, and with all due respect, Your Honor. The location. That's the key word, too. Sure. Absolutely. And let me get back to that. With all due respect, I don't think you should engraft a judicial amendment onto the statute to allow substantial compliance. For one of the reasons, Justice Gordon, that you suggested, and in preparing for our argument, I actually thought of that. And I said, well, I don't know. Maybe I shouldn't be so cynical as to important motivations to potential zoning challengers. But that would be one way that someone could try to game the system and to decide for themselves who to give notice to. The statute says no. It's a bright-line rule. Justice McBride, you asked a question that I want to answer, and that is, was there a stay in this case? The answer is no. There was no stay. There was no injunction. There is no current legal impediment to the development proceeding. However, there is a practical financial impediment to proceeding. And that's what happens in virtually all zoning cases, is that the longer that the cases go on, the bigger the problem. There's millions of dollars at stake. And one of the reasons I believe that the legislature, if you put this statute together with the 90-day statute, I think you see a legislative policy there of making sure that any and all challenges to approved developments be flushed out, be fleshed out, and be in the courts as quickly as possible. And so that would be, again, inconsistent with any notion that, well, 90 days, 120 days, in this case a year after the fact, we can go back and do some kind of a delivery notice. When your client wanted to proceed and begin this development, they had to approach a notice situation. Sure, absolutely. And, in fact, this statute adopts the notice for the zoning, does it not? Not quite. Well, similar? It's similar in its thrust, but it's not exactly correct. So, for example? It's not similar in terms of the number of people or the owners of the property within a certain area? Within a certain area, yes, but its owners as disclosed, and under the city ordinance you go by the authentic tax records. The statute adds another element which was never complied with here. This statute adds the element of the recorder of deeds, which, as counsel has indicated, there was absolutely no effort made to comply with that as well. Is that a reason, though, for the court to have said additionally, because you didn't even search here, that that alone would be a reason to dismiss? I'm not sure that it would be that alone, but here's how I interpret it, Your Honor. We've got several different questions here. We've got the do-over notice, which I think I've addressed. We've got the notion of whether substantial compliance at all should be allowed, and then we've got the notion of, all right, if substantial compliance could be enough, was it enough here? Well, yes, was it? And my response, and I believe the trial court's response, was absolutely not for a variety of reasons. One, they gave their searcher the wrong location. They gave a common street address, and as Judge Pantley's opinion makes clear, that's just wrong under the statute. Their notice itself, as we pointed out in our brief, is inadequate, because it only gave one of the three pins in the area being redeveloped and did not provide a meets and bounds address. You've got to have the meets and bounds, or you have to have all the pins. Do you think that the Beal case really is a way to interpret substantial compliance for this statute? You know, Judge, I'm willing to say that both Beal and Fehrenbacher provide a conceptual approach to the question of whether strict or substantial compliance is required. You look at the statutory purpose, and you look at the prejudice. You ask a question about the statutory purpose, I would simply quote the plaintiffs. Quote, the purpose is to give neighboring property owners the ability to intervene with respect to the plaintiff's zoning challenge, i.e., to persons other than the City of Chicago the ability to participate in the lawsuit. That's their reply brief at page four. So that leads directly to the question of prejudice. And as you pointed out, Your Honor, the prejudice here is not to Lake Park, is not to the City of Chicago. It's to those people within the statutory framework, the statutory parameters, who are supposed to be given the opportunity to make the choice themselves as to whether to intervene or not. So why not let them go back and attempt to notify these other, the people on Dorchester? Because the statute by, well, for all the reasons I've said, probably most importantly in addition to waiver, because the statute does not contemplate this long, drawn-out process, it says pre-filing notice. And they didn't do it. Do you think the two cases that have actually interpreted this, DGL and the City Suites? City Suites, Your Honor. Do you think that the language from those cases suggests that it's strict compliance that's required? I think... Where they say we find the language in mandate to be clear in requiring that notice be given in all declaratory actions to invalidate zoning without exception. That sure sounds like pretty strong language to me. I know that there's the case law that says that mandate sometimes really doesn't mean mandate. It means maybe. But, yeah, that's pretty strong language. But I will concede that neither City Suites nor the Feigel case had this particular issue in there. No, it did not. And let me address really quickly Andrews v. County of Madison. You've gotten our objection, et cetera. I'll just go to the substance. Four points. One, it did not arise under the statutes at issue, obviously a different statute. Two, the appellate court in Andrews did not lay out that Beal and Fehrenbach were two-part tests for determining whether substantial or strict compliance is at issue. Because the question of statutory compliance was not at issue. It was a due process case. They decided whether the notice given comported with due process, not with the statute. And as you pointed out, Your Honor, it was a tax case for which publication notice alone can be sufficient and publication notice was provided there. This case is not in REM. No publication notice was given. Now, there was a suggestion from counsel that, oh, just like in Andrews, there was lots of newspaper coverage and all that in this case, and so enough notice was given here. Totally outside the record. There's no evidence of that whatsoever. No basis for the trial court's decision. Respectfully, none for years. With respect to the exempt properties, we know that of three PINs that were marked exempt, one was owned by the Board of Education and two by the Park District, or maybe the other way around. Sixteen PINs, there is nothing in the record to indicate who the owner was. So I don't want there's any suggestion that, oh, there's seven owners across Dorchester and there's just a couple of public property owners, public tax-exempt bodies. No. There was quite a few. Was it nine tax-exempt and seven? There's seven tax-exempt. Tax-exempt and nine? I'm sorry. Seven across Dorchester, 19 tax-exempt. Oh, all right. In terms of the percentage, Judge, I don't know what the math turns out. I believe it's probably a little less than 10%. 26 property owners were not notified, although counsel argues that the city was notified because they wouldn't have notified the same property owners twice. There's no evidence that the city was one of the exempt property owners. It was the Board of Education and the Park District, respectfully different entities. But I would say, Your Honor, that regardless of what the percentage is, trying to say that enough property owners were notified is a slippery slope. And that's not the substantial compliance test anyway. Correct. And then the last point on substantial compliance was that the plaintiffs are the ones who failed to refer to the records of the Cook County Assessor, the Cook County Clerk, or the Cook County Recorder of Deeds. That's not substantial compliance. It certainly doesn't qualify under the bona fide attempt provision of the statute. We believe that strict compliance is required, that even if substantial compliance could be allowed, there's no substantial compliance here. We believe that there should be no do-over. So we ask that Your Honors affirm the judgment of the circuit court. If you have no other questions, I'll cede the rest of my time to the city. Thank you, counsel. Good morning. Stephen Collins for the City of Chicago. Good morning, Mr. Collins. May it please the Court. We join Lake Park's argument that the circuit court correctly dismissed the complaint because plaintiffs failed to give required notice. As an alternative ground for affirmance, the complaint fails to state a due process claim, and that's for two reasons. First, it does not allege a protected property interest. And second, there are many rational bases that support the city's decision to enact this plan development ordinance. But I'd like to begin with property interests. The first step in any due process analysis is to determine whether a protected interest is at stake. And plaintiffs here have alleged no such interest. They have no interest in the property that's being rezoned. The interest they have alleged in things such as street parking and sunlight and property values are not entitled to constitutional protection. Because they're an adjoining property owner or because? Well, to have a protected interest in this case, they would need to have an interest in the property that's being rezoned itself. And that's not present here. And you're saying simply because they're adjoining property owners, they could never allege a due process right? Not necessarily. The interest need not be an ownership interest. There could be, for example, an easement or a leasehold, for example. But none of those interests are at stake here either. And in any due process analysis, the court looks to state law creates that entitlement to that property interest. And the interest here in street parking and sunlight and property values are not of that nature. And so without that protected property interest, the plaintiff's due process claims here necessarily fail. Well, doesn't it have to be a showing that the rezoning is reasonable? Before the court even gets to that step, Your Honor, the plaintiffs who are making a due process claim have to demonstrate that they have an interest that is entitled to due process protection in the first place. That's the first step in any analysis. And the plaintiffs don't get over that hurdle here. Well, if people live with 250 feet of a piece of property and it's rezoned from single-family residence to multi-use, there's a lot of considerations that go into that. Everything from parking to traffic to property values, all these things decide people's rights. Well, Your Honor, the plaintiffs here might have an expectation in these things, such as street parking and property values and sunlight, but a mere unilateral expectation of something is not a projected property interest that supports a due process claim, and that's what this Court held in Peterson. So without this protected interest, there is no due process claim. And I'd like to address the second ground, which is that the City has a rational basis for this enactment. The plaintiffs make a facial challenge to this ordinance because they seek to void it in its entirety, and therefore the LaSalle factors do not apply here. Instead, the traditional rational basis review applies, and the City here has many rational bases for enacting this planned development ordinance, such as providing housing, economic development, and environmental protection. And in light of those rational bases, the plaintiffs' facial challenge necessarily fails. And unless the Court has any other questions on these alternative grounds, the judgment of the Circuit Court should be affirmed. Thank you. Thank you, Counsel. Just a couple of points, one on a factual issue, which is with respect to the identification of the exempt pin numbers. It is in the record. In fact, the Lake Park Associates placed it in the record. They placed in the record, in their attachment to their reply brief in front of the trial court, a page that indicated the owners of the exempt properties that they had identified as not being served. And based upon their own records, it indicates that the owners of the exempt properties were only the Chicago Park District and the Chicago Board of Education. So in terms of what we're talking about, we're talking about nine owners. That's what we're talking about, nine owners who were not sent notice. That's based upon information that's in the record that, in fact, the owner submitted in the record. With respect to the Hanna case, again, I defer, Your Honor, to your interpretation of the case, but I don't interpret it the same way as the interveners. It seems clear to me what the court was saying was that within this case, not another case, but within this case, Mr. Hanna should be given the opportunity to send notice to property owners. It was clear that there was not only an indication but a direction to Mr. Hanna, which is if you're going forward with a declaratory judgment action, then go ahead and provide the property owners with notice. That's a precedent for allowing post-filing notice. Again, ideally the notice is pre-filing. Did you file a motion to amend the complaint and request that you be allowed to re-notify all those property owners that you did not notify? No, no, I did not do that, Your Honor, and I don't believe that was necessary. The court's determination was clear in terms of what her decision was. Well, but that's another ground for forfeiture when you don't make the request in the trial court and then for the first time you're arguing that you should be allowed to do something that the trial court was never in a position to rule upon. Well, it was made in the oral argument before the trial court. No motion had ever been filed. That's what the counsel has said. Counsel is correct procedurally. I don't believe that because we're challenging the issue was raised, the opportunity was raised for the trial court to do what we asked the trial court to do, what we're asking this court to do, and the trial court said no. The trial court said you had to do it pre-filing. You didn't do it pre-filing. You're out of court. That's it. Yes. And so there was no reason to file a motion to change the trial court's decision because the trial court's decision was absolutely clear that she was not going to allow additional notice to be sent. Did you want to respond to the arguments in the city? Yes, I'll respond quickly. First of all, in terms of the property interest, case law has been clear in Illinois since at least 1963 in the Treadway v. City of Broadford case that neighboring property owners have a right to challenge zoning classification of neighboring property. That's correct. Now, does that case, do the case suggest, however, that the due process rights that you've alleged, that is, that a neighboring property owner has a due process right to the sunlight, to air and parking spaces, vis-a-vis another property owner's? We didn't allege anything about sunlight or anything about air. We did allege lack of parking. Well, you have to plead facts. What are the due process rights that you've alleged, that you believe, support a violation of due process property rights? Demunition of value. And correct me if I'm wrong, but I don't know that the cases you've cited actually hold that the allegation of a due process property right under the Constitution. That was the due property right alleged in Treadway. It was a due property right. It was the right alleged in Rodriguez. I mean, it was the right alleged in the recent case. But isn't the basis that the complaint that was filed here, doesn't it allege that the property interest may be affected because of parking, because of the light and because of the air? It doesn't say anything about light and air. It does say something about a lack of parking spaces. And it does talk about demunition of value. And in any neighbor case, in any case that's brought by neighbors, that's the property interest being alleged. We've alleged the same property interest. Well, what is the demunition of value based upon? What were the facts that you pled that was going to cause this demunition in the property value of the adjoining building? That we represented a single-family property owners in the neighborhood. Yes. And that this is a single-family, low-rise neighborhood. And that the building of a high-rise plopped into this neighborhood, which is completely inconsistent with the – And that's a specific fact, as opposed to some kind of conclusion, that your property value or the property value will go down. Well, we don't have to – You still have three facts. We pled that fact. I mean, we don't – obviously, we didn't submit the evidence to support the fact. Yes. And I want to say that these types of property owner challenges are decided under the LaSalle case, which are fact-specific. And we're clearly prepared to meet the LaSalle factors. It's rational basis, but it's rational basis tempered by the LaSalle case. And Napleton specifically indicates that the LaSalle factors and LaSalle-type cases are still valid. And that's the theory under which we brought our case. Thank you, Your Honors. I appreciate it. Thank you, Counsel. All right. The Court appreciates the efforts of all parties in their briefing and excellent arguments today. Very interesting case. Take the matter under advisement. Court's adjourned. Thank you very much.